IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL NO. 3:10-CR-144-FDW-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM** |
| | ) | **AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| DANIEL KA, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Exclude Statements Made in Violation of Defendant's Fifth Amendment Rights and to Preclude Consideration of Those Statements at the Revocation Hearing," Doc. 40, filed December 20, 2017. The "Government's Response to Defendant's Motion to Suppress," Doc. 41, was filed on December 27, 2017. On December 29, 2017, Defendant filed his "Reply in Support of Motion to Exclude Statements Made in Violation of Defendant's Fifth Amendment Rights," Doc. 42. The Court conducted an evidentiary hearing on January 25, 2018.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the Motion is now ripe for consideration.

Having fully considered the record and following an evidentiary hearing, the undersigned respectfully recommends that Defendant's Motion be <u>denied</u>, as discussed below.

**I. FACTUAL BACKGROUND AND FINDINGS**

On May 26, 2011, Defendant was sentenced to sixty months imprisonment followed by five years supervised release upon his conviction for possession of a firearm in relation to a drug

trafficking crime in violation of 18 U.S.C. § 924(c). One of Defendant's standard conditions of supervised release was to "answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer." Doc. 23. Defendant's term of supervised release commenced on June 16, 2016. U.S. Probation Officer Chelsey Padilla reviewed all of the conditions of supervised release with him.

On October 5, 2017 Padilla visited Defendant at his residence following his third positive drug test. She initiated a discussion with Defendant about his continuing drug use. He admitted to smoking marijuana with a vapor device. Padilla also asked Defendant about persons he was associating with and whether they were drug users. He admitted that he was associating with drug users. In response to Padilla's questioning, Defendant also admitted that he was distributing drugs. Padilla asked if she would find evidence of drug related activities on his phone. Defendant admitted that she would find such evidence on his phone. Defendant voluntarily and candidly answered all of Padilla's questions. He never invoked his Fifth Amendment right to remain silent. Padilla seized the phone for forensic examination by her office's cyber lab. She advised Defendant that she would review his apparent violations with her supervisor.

On October 16, 2017, Padilla filed a Violation Report with the Court alleging that Defendant had "violated the condition of supervision that states, 'defendant shall not commit another federal, state or local crime,' in that, the Defendant admitted to possessing and selling cocaine and marijuana since his release from his 15 day confinement term in September. If charged federally with this conduct that would constitute a violation of 21 U.S.C. § 841(b)(1)(B). Under that statute the defendant would face 5-40 years of imprisonment. (Grade A Violation)" Doc. 31.

The results of the forensic examination of Defendant's phone were shared with the U.S. Attorney. No new charges were brought against Defendant based upon his admissions to Padilla.

## II. ANALYSIS

Defendant argues that any statements he made to Padilla regarding drug activity were obtained in violation of his Fifth Amendment privilege against self-incrimination. Defendant never asserted his Fifth Amendment rights in response to Padilla's questions. He argues that the revocation of supervised release is a penalty sufficient to make the right self-executing and render his statements inadmissible. The Government asserts that Defendant's statements are admissible for purposes of determining whether he the violated conditions of supervised release. The Government conceded at the hearing that Defendant could not have been violated for invoking his Fifth Amendment rights in response to Padilla's questioning.

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Even when a defendant has been convicted and imprisoned for an offense, the Fifth Amendment still applies to ensure that he will not be compelled to bear witness against himself or to divulge information that might incriminate him in future criminal proceedings. Minnesota v. Murphy, 465 U.S. 420, 426 (1984).

To invoke the Fifth Amendment privilege against self-incrimination, a defendant "ordinarily must assert the privilege rather than answer if he desires not to incriminate himself." Id. at 429. Thus, if the defendant voluntarily "chooses to answer," that answer is not privileged. Id. An exception exists for the "so-called 'penalty' cases," where the Government compels an individual "to forgo the Fifth Amendment privilege by threatening to impose economic or other sanctions 'capable of forcing ... self-incrimination.'" Id. at 434 (quoting Lefkowitz v. Cunningham, 431 U.S. 801, 806 (1977)). Where the Government compels an individual to speak by threatening

him with a substantial penalty for exercising his Fifth Amendment right to remain silent, the privilege is self-executing. Id. at 434–35.

"In the supervision context, if a probation or parole officer tells a supervisee, explicitly or implicitly, that invocation of the privilege would lead to revocation of supervision, the supervisee is deemed to have been compelled to speak and his failure to assert the privilege would be excused." United States v. Ramos, 685 F.3d 120, 127 (2nd Cir. 2012) (citing Murphy at 435 describing this scenario as "the classic penalty situation"). "The penalty exception does not apply, however, merely because the terms of probation require a probationer to appear before his probation officer and tell the truth 'in all matters.'" Id. (citing Murphy). Instead, a supervisee is deemed to have been compelled to speak only where he is required by the Government "to choose between making incriminating statements and jeopardizing his conditional liberty by remaining silent." Id.

As recently stated by the Fourth Circuit in United States v. Lara, 850 F.3d 686, (4th Cir. 2017),

> The Supreme Court has explained that in order for conditions of probation to provide a sufficient "penalty" to overcome a defendant's free choice to remain silent, the threat of revocation must be nearly certain. See id. [Murphy] at 437–38, 104 S.Ct. 1136 (holding that the threat of revocation of probation was not sufficient to trigger self-executing Fifth Amendment protections because "[t]here is no direct evidence that [the defendant] confessed because he feared that his probation would be revoked if he remained silent," and "[r]evocation is not automatic" for violation of probation conditions); see also United States v. Ramos, 685 F.3d 120, 128–29 (2d Cir. 2012).

850 F.3d at 692.

The Court concludes that there was no such "penalty" here and therefore Defendant's Fifth Amendment privilege was not self-executing. Defendant answered Padilla's questions freely and without any suggestion of invoking his Fifth Amendment rights. He was never threatened with

the imposition of a penalty sufficient to overcome his right to remain silent. There is no evidence that Padilla told Defendant that supervised release would be revoked if he did not answer her truthfully regarding his drug activity. Rather she advised him that she would review the matter with her supervisor. The language in Defendant's statement of acknowledgment in his Judgment states that "[u]pon a finding of a violation of probation or supervised release . . .the Court may (1) revoke supervision, (2) extend the term of supervision, and /or (3) modify the conditions of supervision." Doc. 23.

As in Murphy and Lara, revocation of Defendant's supervised release was not "automatic." He will be afforded a hearing before a District Judge. See Murphy, 465 U.S. at 438; Lara, 850 F.3d. at 692; see also Ramos, 685 F.3d at 128–29 (the possibility that silence "could lead to the initiation of violation proceedings or the revocation of his parole" was insufficient to create a penalty condition). Finally, the Government has conceded that Defendant's supervised release could not have been revoked if he had asserted his Fifth Amendment privilege. See Murphy, 465 U.S. at 438.

Accordingly, the Court finds that Defendant was not compelled to provide incriminating information, and that the circumstances surrounding his statements to Padilla did not create a penalty situation where the Fifth Amendment privilege was self-executing. The undersigned respectfully recommends that Defendant's Motion be denied.

### III. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that Defendant's "Motion to Exclude Statements Made in Violation of Defendant's Fifth Amendment Rights and to Preclude Consideration of Those Statements at the Revocation Hearing," Doc. 40,

be DENIED.

## IV.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same.  Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO RECOMMENDED**.

Signed: January 31, 2018

David S. Cayer
United States Magistrate Judge